**CV 04 4181**

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

# United States District Court

District: Eastern District of New York

Name: CARLTON ROMAN

Prisoner No. 90-T-4916

Case No. AMON, J.

Place of Confinement:
GREEN HAVEN CORRECTIONAL FACILITY
STORMVILLE, NEW YORK 12582

Name of Petitioner (include name under which convicted): CARLTON ROMAN

Name of Respondent (authorized person having custody of petitioner): v. WILLIAM PHILLIPS, Superintendent, Green Haven C.F. GOLDEN, Magr. Pa

The Attorney General of the State of: NEW YORK, ELIOT SPITZER

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: SUPREME COURT OF QUEENS COUNTY, 125-01 QUEENS BLVD., KEW GARDENS, NY 11415

2. Date of judgment of conviction: NOVEMBER 20, 1990

3. Length of sentence: AGGREGATE: 43 1/3 to LIFE

4. Nature of offense involved (all counts): MURDER, ATTEMPTED MURDER, FIRST DEGREE BURGLARY (TWO COUNTS), FIRST DEGREE ASSAULT (TWO COUNTS), SECOND DEGREE CRIMINAL POSSESSION OF A WEAPON

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

RECEIVED SEP 22 2004 PRO SE OFFICE

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __APPELLATE DIVISION, SECOND DEPARTMENT__

   (b) Result __AFFIRMED__

   (c) Date of result and citation, if known __10/4/99 265 A.D.2d 349__

   (d) Grounds raised __Verdict against the weight of the evidence, characterization of defendant as drug dealer - deprivation of due process; refusal to give (cont'd on page A, attached)__

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court __New York Court of Appeals__

   (2) Result __leave to appeal denied; motion for reargument denied__

   (3) Date of result and citation, if known __4/24/00 94 N.Y.2d 952; 8/28/00, 95 N.Y.2d 870__

   (4) Grounds raised __newly discovered evidence; deprivation of fair trial due to persistent characterization of defendant as drug dealer; and cross-examin (cont'd on p. A)__

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court __SUPREME COURT OF QUEENS COUNTY__

    (2) Nature of proceeding __CPL 440.10 MOTION__

    (3) Grounds raised __NEWLY DISCOVERED EVIDENCE; DA MISCONDUCT__

(3)

AO 241 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐     No ☒

    (5) Result __DENIED__

    (6) Date of result __8/31/95__

(b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐     No ☐

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.     Yes ☒     No ☐
    (2) Second petition, etc.     Yes ☐     No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    <u>Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: See attached page B

Supporting FACTS (state *briefly* without citing cases or law)

B. Ground two: 

Supporting FACTS (state *briefly* without citing cases or law)

(5)

C.  Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____
    See attached page C

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☒    No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

    (a)  At preliminary hearing _____

    (b)  At arraignment and plea    Hyman Greenberg, 118-21 Queens Blvd., Forest Hills,
         NY 11375

(6)

AO 241 (Rev. 5/85)

(c) At trial ___Hyman Greenberg___

(d) At sentencing ___same___

(e) On appeal ___Joseph DiBlasi, 125-10 Queens Blvd., Kew Gardens, NY 11415___

(f) In any post-conviction proceeding ___On first 440.10 motion, Jos. DiBlasi___

(g) On appeal from any adverse ruling in a post-conviction proceeding ___same___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☒  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

___09/17/04___
(date)

_____
Signature of Petitioner

CARLTON ROMAN V. CHARLES GRIENER
PAGE A

Answer to Question 9(d) cont'd:

missing witness charge; prosecutorial misconduct; court's questioning of witness; dismissal of various counts required; sentences should have run concurrently rather than consecutively; excessive sentence

Answer to Question 9(e)(4) cont'd:

tion of defendant regarding uncharged crimes in violation of New York statutory law and the Sixth and Fourteenth Amendments of the US Constitution

CARLTON ROMAN V. CHARLES GRIENER
PAGE B

Answer to question 12:

A. Ineffective assistance of trial counsel

Counsel failed to investigate the prosecution's case and witnesses and investigate and interview alibi and other defense witnesses; failed to timely prepare the defense and prepare defense witnesses; failed to protect against defense witnesses' impeachment; failed to present a coherent theory of defense; failed to object and seek to preclude an unnoticed statement and to move for a mistrial; failed to object to questioning concerning defendant's post-arrest silence; failed to object to the introduction of uncharged-crimes evidence and its use to impeach defendant; failed to object to Confrontation-Clause and hearsay violations and bolstering; failed to inform defendant of the maximum sentence he faced

B. Ineffective assistance of appellate counsel

Failed to raise various issues on appeal, failed to present others in federal constitutional terms; failed to raise various issues in leave application to New York Court of Appeals and to insure that they were raised as federal constitutional claims

C. Prosecutorial misconduct.

Repeatedly introduced and referred to inadmissible evidence and ignored the court's rulings

D. Perjured testimony and *Brady v. Maryland* violation

The prosecution relied on perjured testimony by their witnesses and failed to disclose aspects of their backgrounds that would have been favorable to the defense. This included but was not limited to witnesses' denial of their prior criminal records and involvement, denial of having been shot, and claiming to have seen events that they were not in a position to see.

E. Deprivation of petitioner's due process right to a fair trial as a result of the prosecution's

Introduction of uncharged crimes on its own case and its impeaching petitioner with uncharged crimes, including, in both instances, its doing so in violation of New York State statutory and case law.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CARLTON ROMAN,

       Petitioner,

-against-                              AFFIDAVIT

WILLIAM PHILLIPS, SUPERINTENDENT
Green Haven Correctional Facility,

       Respondent.

---

I CARLTON ROMAN, being duly sworn, states:

1. I am the defendant in this case. I make this motion in support of my being granted in forma pauperis status.

2. I have been imprisoned since 1990 as a result of this conviction and, other than a neglible sum I receive for my prison work, I have no income or other resources. Specifically I have no stocks, bonds, bank accounts, or other real property of value. My mother has financed all my efforts to overturn my conviction and she herself has exhausted all her own resources and borrowed extensively for that purpose.

                                                                             */s/ Carlton Roman*

Sworn to befor me this
17th day of September 2004.

_____
NOTARY PUBLIC

PATRICIA M. MUNDELL
NOTARY PUBLIC STATE OF NEW YORK
Qualified in Oneida County 4782564
My Commission Expires 1-31-2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CARLTON ROMAN,

                Petitioner,

                                                        01-CV-4946
      -against-                                       (RR) (ASC)

CHARLES GRIENER, Superintendent, Green
Haven Correctional Facility,                           <u>O R D E R</u>

                Respondent.
------------------------------------------------------------X

A P P E A R A N C E S

        ANDREA HIRSCH, ESQ.
            233 Broadway, Suite 970
            New York, New York 10279
            Attorney for Petitioner

        THE HONORABLE RICHARD BROWN
        DISTRICT ATTORNEY, QUEENS COUNTY
            125-01 Queens Boulevard
            Kew Gardens, New York 11415
            By: Johnnette Traill, Assistant District Attorney
            Attorney for Respondent

2

RAGGI, District Judge:

Petitioner Carlton Roman has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. By letter dated November 8, 2001, his attorney now asks this court to stay that petition pending the resolution of state court proceedings concerning a related § 440.10 motion. That motion raises a claim of ineffective assistance of trial counsel, which is also asserted in this court as a ground for federal habeas relief. The law is clear that petitioner cannot seek federal relief before exhausting state avenues of review. See, e.g., Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001) (citing 28 U.S.C. § 2254(b)(1) (2001)). Counsel is apparently concerned, however, that if Mr. Roman's petition is dismissed while he pursues his state claim, the limitations period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") will expire prior to the resumption of federal proceedings. See 28 U.S.C. § 2244(d) (2001).

AEDPA imposes a one-year limitations period that begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (2001). This one-year period does not begin to run, however, until the ninety-

3

day period in which a defendant may seek certiorari review by the United States Supreme Court expires. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.), cert. denied, 122 S.Ct. 279 (2001). Thus, Mr. Roman's judgment became final only on November 26, 2000, ninety days after the Court of Appeals denied his motion for reconsideration of its denial of leave to appeal. See SUP. CT. R. 13 ("[I]f a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari . . . runs from the date of the denial of the petition for rehearing . . . ."). On July 23, 2001, when Mr. Roman filed his § 2254 petition with this court, only 239 days had run on his one-year limitation period.

It was also on July 23, 2001 that Mr. Roman filed for § 440.10 relief.

AEDPA's one-year limitations period is tolled for "the time during which a properly filed application for state court post-conviction relief is pending in state courts." Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir. 2001); see also 28 U.S.C. § 2244(d)(2) (2001). Upon resolution of the state proceedings, the unexpired time on the one-year period runs anew. See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). Thus, if Mr. Roman's unexhausted petition were to

4

be dismissed rather than stayed he would have 126 days to refile with this court after resolution of his § 440.10 claim.

In Zarvela v. Artuz, the Second Circuit encouraged district courts to stay rather than dismiss federal habeas petitions during the pendency of state challenges in those cases where "an outright dismissal could jeopardize the timeliness of a collateral attack," provided the stay is conditioned upon the petitioner's prompt return to federal court, usually within 30 days. 254 F.3d at 380-81. That is not Mr. Roman's case. The 126 days remaining for him to refile any federal claim is actually longer than the 30-day grace period contemplated in Zarvela v. Artuz.

Accordingly, this court concludes that dismissal rather than a stay is the appropriate action in this case. Because Mr. Roman's petition is not fully exhausted, the court hereby dismisses it without prejudice to refiling within AEDPA's limitations period following the state court's decision on his motion. If counsel prefers to withdraw the unexhausted claim, mindful of the

5

unlikelihood of being able to raise it in a future second petition, she should so advise the court on or before December 27, 2001.

SO ORDERED.

Dated: Brooklyn, New York
November 28, 2001

REENA RAGGI
UNITED STATES DISTRICT JUDGE